## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MEECORP CAPITAL MARKETS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-06-148 |
| | § | |
| TEX-WAVE INDUSTRIES, LP, et al, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### AGREED PRELIMINARY INJUNCTION

On this day the Court held a telephonic hearing in the above-styled action to discuss Plaintiff Meecorp Capital Market's ("Plaintiffs") "Request for a Temporary Restraining Order and Injunction" (DE 94). In its Request for Injunction, Plaintiff seeks to enjoin Defendants Monty Guiles and David Croft (collectively, "Defendants") from challenging, in Texas state court, certain aspects of this Court's December 27, 2006, Summary Judgment Order (DE 61) and corresponding Final Judgment (DE 62). At the phone conference, counsel for Defendants indicated that the Defendants do not oppose the entry of this preliminary injunction.

Under Anti-Injunction Act, federal courts have the power to enjoin litigants from proceeding in state court if, among other reasons, the injunction is necessary "to protect or effectuate [the federal court's] judgments." 28 U.S.C. § 2283; see also Deus v. Allstate Ins. Co., 15 F.3d 506, 524 (5th Cir. 1994) ("The All Writs Statute and the relitigation exception to the Anti-Injunction Act

permit a federal court to issue an injunction to prevent state litigation of issues or claims presented to and decided by it to protect or effectuate its judgments"). The injunction may issue to prevent relitigation in state court of issues that were actually decided by the federal court and embodied in a final judgment.[1] See, e.g., Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 148 (1988) (stating that "the claims or issues which the federal injunction insulates from litigation in state proceedings [must] actually have been decided by the federal court"); Assurance Co. of America v. Kirkland, 312 F.3d 186, 189 (5th Cir. 2002); J.R. Clearwater Inc. v. Ashland Chemical Co., 93 F.3d 176, 179 (5th Cir. 1996).

In accordance with the parties' agreement, the Court makes the following ORDERS:

1. The Court ENJOINS Defendants Monty Guiles, David Croft, Tex-Wave Management, their attorney Rene Rodriguez, and any other person on their behalf from challenging, in the 28th Judicial District Court of Nueces County, Texas, Cause No. 06-363-A,

---

[1] Although the Defendants appealed this Court's Summary Judgment Order and Final Judgment to the Fifth Circuit, the Judgment retains its preclusive effect while on appeal. See, e.g., Prager v. El Paso Nat. Bank, 417 F.2d 1111, 1112 (5th Cir. 1969) ("[t]he fact that the judgment is now on appeal to the New Mexico Supreme Court (where it remains undecided) has no effect on its absolute effect as a bar"); Fidelity Standard Life Ins. Co. v. First Nat. Bank & Trust Co. of Vidalia, Georgia, 510 F.2d 272, 273 (5th Cir. 1975) ("A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal") (citing cases); Sage v. United States, 908 F.2d 18, 26 (5th Cir. 1990); Deere & Co. v. Johnson, No. 02-60978, 67 Fed. Appx. 253, 2003 WL 21196191 at *2 (5th Cir. May 14, 2003) (unpublished); Restatement (Second) Judgments § 13, comment f.

      the authority of Meecorp to vote the partnership interests of Tex-Wave or to exercise any and all other rights of a partner under the Tex-Wave Partnership Agreement;

2. The Court ORDERS Monty Guiles, David Croft, Tex-Wave Management and their attorney Rene Rodriguez to refrain from pursuing the Motion to Show Authority and Motion to Strike Pleadings filed in the 28th Judicial District Court of Nueces County, Texas, Cause No. 06-363-A;

3. The Court ENJOINS Tex-Wave Industries, LP, from refusing to recognize or obey Meecorp's exercise of any other power of a partner under the Tex-Wave Partnership Agreement; and

4. This Preliminary Injunction shall remain in effect until otherwise ordered by the Court. If either Plaintiff or Defendants desire a permanent injunction hearing, that party shall notify the Court and the Court will schedule an Initial Pretrial Conference.

SIGNED and ENTERED this 19th day of April, 2007.

_____
Janis Graham Jack
United States District Judge